|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LORI IRISH,

  *Plaintiff*,

vs.

UNITED STATES MARSHAL SERVICE, *et al.*

  *Defendants*.

2:11-cv-01465-KJD-GWF

ORDER

This prisoner civil rights action comes before the Court on plaintiff's second application (#5) to proceed *in forma pauperis*.

Plaintiff did not correct the deficiency in the first pauper application identified in the Court's prior order. She instead presented updated but otherwise essentially identical paperwork with the very same deficiency, ignoring the clear directive in the prior order.

With the first pauper application, plaintiff attached an only partially completed financial certificate, and she did not attach an inmate account statement for the prior six months.

The Court's prior order clearly stated:

> On plaintiff's application (#1) to proceed *in forma pauperis*, the application is incomplete because plaintiff but did not attach a fully executed financial certificate and her inmate account statement. Both a fully executed financial certificate and an inmate account statement for the six months preceding the application are required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2.

#4.

1 The Court informed plaintiff that "[t]his action will be dismissed without further advance notice unless plaintiff either pays the $350.00 filing fee or submits a new and properly completed application." The Clerk provided plaintiff two more copies of the pauper application form along with the instructions for the form.

In response, plaintiff simply has presented an updated but otherwise essentially identical pauper application. She once again attached an only partially completed financial certificate, and she again did not attach an inmate account statement for the prior six months.

The Court notes that plaintiff has been informed multiple times previously in litigation in this District of the requirements for submitting a properly completed pauper application and previously has been provided copies of the forms and instructions. See No. 2:10-cv-00719-JCM-LRL, #2; No. 2:08-cv-1509-KJD-PAL, #2.

"Both" does not refer to a single attachment, much less an incomplete attachment.

This action therefore will be dismissed without prejudice for failure to comply with the Court's order. In entering a dismissal, the Court has considered the public's interest in expeditious resolution of litigation; the Court's need to manage its docket; the risk of prejudice; the public policy favoring disposition of cases on their merits; and the possible availability of actions other than dismissal. The Court does not have the resources with its docket to repeatedly inform a litigant of a requirement that she then simply repeatedly ignores, filing updated but otherwise essentially identical paperwork in disregard of a clear order.

IT THEREFORE IS ORDERED that plaintiff's second application (#5) to proceed *in forma pauperis* is DENIED and that this action shall be DISMISSED without prejudice for failure to comply with the order of the Court.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: March 1, 2012

_____
KENT J. DAWSON
United States District Judge