# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LORI IRISH,

    *Plaintiff*,

vs.

UNITED STATES MARSHAL SERVICE, *et al.*

    *Defendants*.

2:11-cv-01465-KJD-GWF

ORDER

This closed prisoner action comes before the Court on plaintiff's motion (#9) styled as a "motion to point out plaintiff's mistake to court and for court to consider motion for reconsideration as timely filed."  The motion appears to seek:  (a) a ruling that plaintiff's motion for reconsideration filed in another one of her actions under the docket number of that action should be considered as a timely-filed Rule 59 motion in this case; and (b) an order reconsidering and vacating the judgment of dismissal.

## *Background*

On or after August 31, 2011, plaintiff Lori Irish mailed for filing an application to proceed *in forma pauperis* and a complaint seeking to initiate an action.

By an order entered on February 6, 2012, the Court denied the pauper application because plaintiff did not attach both a financial certificate that had been fully executed and a copy of her inmate account statement for the past six months.  The financial certificate submitted was only partially completed, and there was no inmate account statement from the federal facility in which she was being held.

On or after February 16, 2012, plaintiff mailed a second pauper application for filing. The second application presented updated but otherwise essentially identical paperwork with the very same deficiencies identified in the Court's prior order.  Once again, plaintiff attached only a partially-completed financial certificate.  Once again, she did not attach an inmate account statement.

Accordingly, after considering the relevant factors, the Court dismissed the action without prejudice due to plaintiff's failure to comply with the prior order.  Final judgment was entered on March 1, 2012.

On March 16, 2012, plaintiff filed a notice of change of address in this action listing a Las Vegas, Nevada street address.  The address given does not appear to correspond to any detention facility or halfway house operated within the Las Vegas area.

Also on March 16, 2012, plaintiff filed a motion for reconsideration that specifically was captioned for a previously closed action, No. 2:10-cv-00719-JCM-LRL, that plaintiff had brought against the United States Marshals, which is similar to the first-named defendant in this action.  The Clerk accordingly filed the motion under the docket number that plaintiff herself had written in the caption of the motion.  The motion was denied a short time later in that long-closed action.

On April 19, 2012, plaintiff filed the present motion seeking to correct her error in captioning the motion for reconsideration for the wrong action, to have the motion deemed timely, and to have the judgment of dismissal in this matter reconsidered and vacated.

### *Discussion*

### *Motion to Correct Error and Deem Reconsideration Motion Timely*

Plaintiff's request to correct her error and to have the reconsideration motion deemed timely will be granted under Rule 60(a).  The rule authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  The mistakes that may be corrected are not limited to clerical mistakes by the court or the clerk, and the rule instead also encompasses clerical errors by parties. *See,e.g.,* 11 C. Wright, A. Miller, M. Kane & R. Marcus, *Federal Practice*

1   *and Procedure:  Civil* § 2854, at n.3 (2d ed., updated 2012).  In the present case, the motion

2   for reconsideration was captioned for and filed in the other action by plaintiff due to a simple

3   clerical mistake or error on her part.  The Court accordingly will grant the motion to correct the

4   error, will deem the motion for reconsideration to be a timely Rule 59 motion, and will consider

5   the motion for reconsideration.  In so doing, the Court is not extending the time for filing a

6   Rule 59 motion, which the Court may not do under Rule 6(b)(2).  The Court instead is

7   correcting a clerical error as to a Rule 59 motion that plaintiff filed timely, but as to which she

8   used an incorrect docket number when preparing and filing the motion.

9       ***Motion for Reconsideration***

10      The motion for reconsideration will be denied because the factual assertions made by

11  plaintiff in the motion are belied rather than corroborated by the record before the Court.

12      Plaintiff maintains that she did submit a copy of her inmate account statement for the

13  past six months in a different mailing.  She asserts:  (1) that the federal facility in which she

14  was held would do court-required paperwork only one hour per week; (2) that she went to the

15  financial office and they gave her the financial paperwork that she first submitted but the office

16  did not give her the six-month statement; (3) that she had to wait another week to get the six-

17  month statement and "that was why required paperwork was submitted at two different times."

18      At the outset, none of these assertions are presented pursuant to a declaration under

19  penalty of perjury.  The statements do not constitute evidence.

20      In all events, the statements are belied rather than corroborated by the materials

21  presented with the motion.

22      Plaintiff attaches two receipts for certified mailing – being the receipts received at the

23  time of mailing and not the green card return receipts reflecting receipt – for two alleged

24  mailings.  Such receipts of course do not reflect what was sent or for what case, in a context

25  where plaintiff has multiple actions in this Court.  The post office date stamps on the receipts

26  in any event do not support plaintiff's unsworn account.  One receipt is date-stamped

27  February 12, 2012.  However, the second pauper application (#5) sent in response to the

28  Court's February 6, 2012, compliance order was dated by plaintiff and the institutional officer

on February 16, 2012.  Whatever the alleged February 12, 2012, mailing was, it was not a transmittal of the second pauper application.  The other receipt is date-stamped either February 2, 2012, or a date on or after February 20, 2012.  This receipt either is also for a mailing sent prior to the Court's compliance order or is the transmittal of the second pauper application, which was received and filed on February 22, 2012.  The dates on the two receipts thus do not support plaintiff's account.  They do not reflect a mailing of the second pauper application and then a second, subsequent transmittal.

Even more tellingly, the purported followup six-month account statement submitted with the motion for reconsideration – which allegedly was obtained a week after the February 16, 2012, financial certificate and second pauper application – was generated on *January 19, 2012*, before this Court had even issued the compliance order.  The computer-printout statement on its face clearly was not generated in response to a request made on or about February 23, 2012, in an effort to supplement a pauper application in this Court.[1]

Making plaintiff's story even more implausible is the fact that plaintiff had thirty days from the February 6, 2012, compliance order to mail a new and properly completed pauper application.  If *arguendo* she indeed could obtain only one piece of financial paperwork on February 16, 2012, and another on February 23, 2012, all she would have needed to do is to wait for one week to obtain the second piece of financial paperwork and send one transmittal.

Plaintiff's unsworn story thus is belied by the paperwork submitted with the motion for reconsideration and is an implausible reconstruction of the events on its face.

Moreover, the Court notes that the financial certificate submitted with the second pauper application in all events was not fully executed, such that that defect in the first application also remained uncorrected in the second pauper application.

---

[1]The records of the Ninth Circuit Court of Appeals reflect that plaintiff was directed on January 9, 2012, in that court's No. 11-57213 to file a pauper application or pay the filing fee.  Plaintiff mailed a pauper application to that court on January 19, 2012, the same date as the computer-printout account statement. While the account statement was not submitted with the appellate pauper application, such a statement did not appear to be required ultimately on the face of the appellate pauper application form.

1       Plaintiff's attempted reconstruction of the events is belied by the materials presented

2   with the motion for reconsideration and does not provide a basis for vacating the dismissal

3   in this case.  Plaintiff maintains that she has short-term memory loss as a result of an alleged

4   fall while in custody.   However, a lack of recall does not have anything to do with the

5   circumstances outlined in the motion for reconsideration, even if the circumstances stated

6   therein were not belied by the materials presented.

7       The motion for reconsideration therefore will be denied.

8       IT THEREFORE IS ORDERED that plaintiff's motion (#9) styled as a "motion to point

9   out plaintiff's mistake to court and for court to consider motion for reconsideration as timely

10  filed" is GRANTED IN PART and DENIED IN PART.  The Court deems plaintiff's motion for

11  reconsideration that plaintiff filed erroneously in No. 2:10-cv-00719-JCM-LRL instead as

12  having been timely filed in this action within the time limit for seeking Rule 59 relief, but, as

13  so considered, the motion for reconsideration is denied.

14      This action has been, and remains, closed.

15      DATED: November 5, 2012

16

17                  _____

18                  KENT J. DAWSON
                   United States District Judge

19

20

21

22

23

24

25

26

27

28